DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Gordon L. Brooks, appeals his conviction in the Summit County Court of Common Pleas. We affirm.
On February 17, 2000, Mr. Brooks was in Chapel Hill Mall in Summit County, Ohio. Michelle Gippin was also at Chapel Hill Mall; she was operating an information booth for the Summit County Auditor and was accompanied by several fellow employees. A mall patron came up to the persons manning the information booth and asked if one of them was the owner of a brown purse because he had seen an unidentified man take it and begin to make his way out of the area. Ms. Gippin owned such a purse that was now missing. Hence, Ms. Gippin, Raymond Valle, who was Ms. Gippin's supervisor, and another person who had been staffing the booth approached the unidentified man. At that point, the unidentified person began to flee, Ms. Gippin and the others pursued. Mr. Valle noted a bulge in the unidentified man's jacket and, when Mr. Valle caught up with the unidentified man and grabbed the man's jacket he felt the object inside. The object felt consistent with a purse. The unidentified man eluded Mr. Valle's grasp and fled into the parking lot where he entered his vehicle and drove away. Ms. Gippin observed the unidentified man enter the vehicle and copied the temporary tag number.
During the pursuit through Chapel Hill Mall, Ms. Fenn observed the unidentified man being chased by Ms. Gippin and the others. In the parking lot, Mr. Molea was parking his own vehicle when the unidentified man ran by him. As the man's pursuers indicated that the unidentified man had stolen a purse, Mr. Molea also pursued him and, upon reaching the unidentified man's vehicle, attempted to prevent his escape. In doing so, Mr. Molea observed a brown purse, similar to that described by Ms. Gippin, in the vehicle. Mr. Molea abandoned his efforts when the unidentified man threatened to get out his gun.
Sergeant Ray Youngkin of the City of Akron Police Department conducted an investigation of the incident. He tracked the temporary tag number to Robin Moss, Mr. Brooks' girl friend. Sergeant Youngkin discovered that Mr. Brooks and Ms. Moss resided at the same address. He then assembled a photo array consisting of six pictures, one being of Mr. Brooks. Ms. Fenn and Mr. Molea identified Mr. Brooks in the photo lineup as the unidentified man who fled through Chapel Hill Mall and entered the vehicle in the parking lot.
On March 23, 2000, the Summit County Grand Jury indicted Mr. Brooks on one count of robbery, in violation of R.C. 2911.02(A)(2). A jury trial was held on May 15, 2000. The jury returned a verdict of guilty on the same day, which was journalized on May 16, 2000. Mr. Brooks was sentenced accordingly. This appeal followed.
Mr. Brooks asserts one assignment of error:
 THE JURY VERDICT FINDING THE APPELLANT GUILTY OF THEFT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Mr. Brooks avers that his conviction was against the manifest weight of the evidence because he was not identified as the person who took the purse by any witness at trial. Therefore, he asserts that he was not sufficiently identified as the person who committed a theft offense, and accordingly, that his conviction was against the manifest weight of the evidence. We disagree.
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
One is guilty of robbery, in violation of R.C. 2911.02(A)(2), if one "in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, * * * [i]nflict[s], attempt[s] to inflict, or threaten[s] to inflict physical harm on another[.]" Theft is defined as a person "knowingly obtain[ing] or exert[ing] control over either the property or services" of another "with [the] purpose to deprive the owner of [the] property or services * * * [w]ithout the consent of the owner or person authorized to give consent[.]" R.C. 2913.02(A)(1).
Although Mr. Brooks asserts that, as no one saw him take the purse, his conviction was against the manifest weight of the evidence, we conclude that the evidence did indicate that he was the person who took the purse. Mr. Brooks clearly was the person who was chased by Ms. Gippin and the others through Chapel Hill Mall. Further, Mr. Brooks admitted that Mr. Molea encountered him in the parking lot while he was trying to leave the area. Mr. Molea testified that he saw a purse similar to that belonging to Ms. Gippin in the vehicle which Mr. Brooks was attempting to drive away. Further, the other witnesses testified that Mr. Brooks had a bulge in his jacket, consistent in appearance and feel to a concealed purse, as he ran through Chapel Hill Mall. Accordingly, although no witness testified to having seen Mr. Brooks take Ms. Gippin's purse, Mr. Brooks' conviction was not against the manifest weight of the evidence in that regard. Further, upon thorough review of the record, we conclude that Mr. Brooks' conviction in its entirety was not against the manifest weight of the evidence. Mr. Brooks' assignment of error is overruled and the verdict of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
___________________________ WILIAM G. BATCHELDER
CARR, J., WHITMORE, J., CONCUR.